UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME ANDERSON,<br><br>                Plaintiff,<br><br>    v.<br><br>VICI PROPERTIES INC., EDWARD B. PITONIAK, JAMES R. ABRAHAMSON, DIANA F. CANTOR, MONICA H. DOUGLAS, ELIZABETH I. HOLLAND, CRAIG MACNAB, and MICHAEL D. RUMBOLZ,<br><br>                Defendants, | Civil Action No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934<br><br><br>JURY TRIAL DEMAND |

Plaintiff Jerome Anderson ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action against VICI Properties Inc. ("VICI" or the "Company") and VICI's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to acquire MGM Growth Properties LLC ("MGM Growth").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading prospectus on Form 424B3 (the "Prospectus") to be filed with the Securities and Exchange Commission ("SEC") on September 23, 2021. The Prospectus recommends that VICI stockholders vote in favor issuing 214.5 million shares of VICI common stock (the "Stock Issuance") to effectuate VICI's acquisition of MGM Growth (the

1

"Proposed Transaction"). The Proposed Transaction was first disclosed on August 4, 2021, when VICI and MGM Growth announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which MGM Growth Class A stockholders will receive 1.366 shares of VICI common stock for each share of MGM Growth common stock that they hold (the "Merger Consideration"). The deal is valued at approximately $17.2 billion and is expected to close in the first half of 2022.

3. The Prospectus is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Prospectus contains materially incomplete and misleading information concerning the financial projections prepared by VICI management, as well as the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"), VICI's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Stock Issuance and/or the Proposed Transaction unless and until the material information discussed below is disseminated to VICI's stockholders. In the event the Stock Issuance and/or the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of VICI.

6. Defendant VICI is a corporation organized and existing under the laws of the State of Maryland. The Company's principal executive offices are located at 535 Madison Avenue, 20th Floor, New York, New York 10022. VICI common stock trades on NYSE under the ticker symbol

"VICI."

7. Defendant Edward B. Pitoniak has been CEO and a director of the Company since 2017.

8. Defendant James R. Abrahamson has been a director of the Company since 2017. Defendant Abrahamson serves as Chair of the Board.

9. Defendant Diana F. Cantor has been a director of the Company since 2018.

10. Defendant Monica H. Douglas has been a director of the Company since 2020.

11. Defendant Elizabeth I. Holland has been a director of the Company since 2018.

12. Defendant Craig Macnab has been a director of the Company since 2017.

13. Defendant Michael D. Rumbolz has been a director of the Company since 2017.

14. Defendants Pitoniak, Abrahamson, Cantor, Douglas, Holland, Macnab and Rumbolz are collectively referred to herein as the "Board."

15. Nonparty MGM Growth is a Delaware limited liability company with its principal executive offices located at 1980 Festival Plaza Drive, Suite #750, Las Vegas, Nevada 89135. MGM Growth common stock trades on NYSE under the ticker symbol "MGP."

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

17. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under

traditional notions of fair play and substantial justice.

18. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) a significant amount of the conduct at issue took place and had an effect in this District; and (ii) VICI's principal executive offices are located in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

19. VICI is a real estate investment trust that owns gaming, hospitality, and entertainment properties across the US. The Company owns Caesars Palace and Harrah's in Las Vegas, as well as properties leased to brands Margaritaville, Horseshoe, Hard Rock, Harvey's, and Mountaineer. The properties in VICI's portfolio include casinos, restaurants, nightclubs and convention spaces.

20. On August 4, 2021, the Company entered into the Merger Agreement with MGM Growth. According to the press release issued that day announcing the Proposed Transaction:

**VICI PROPERTIES INC. ANNOUNCES $17.2 BILLION STRATEGIC ACQUISITION OF MGM GROWTH PROPERTIES LLC**

*- Creates America's Largest Owner of Experiential Real Estate with an Enterprise Value of Approximately $45 Billion -*

*- Transaction Expected to be Accretive to AFFO per Share Immediately Upon Closing -*

*- Positions Balance Sheet for Investment Grade Status -*

*- Significantly Diversifies Tenant Base While Enhancing Portfolio Quality, Size and Scale to Drive Future Growth and Value Creation -*

*- VICI Announces 9.1% Dividend Increase -*

*- Conference Call to Discuss Transaction to be Held at 8:00am ET -*

**NEW YORK, NY and LAS VEGAS, NV –August 4, 2021** – VICI Properties Inc. (NYSE: VICI) ("VICI Properties" or "VICI"), MGM Growth Properties LLC

(NYSE: MGP) ("MGP") and MGM Resorts International (NYSE: MGM) ("MGM Resorts"), MGP's controlling shareholder, announced today that they have entered into a definitive agreement (the "Master Transaction Agreement") pursuant to which VICI Properties will acquire MGP for total consideration of $17.2 billion, inclusive of the assumption of approximately $5.7 billion of debt. Upon completion of the merger, VICI will have an estimated enterprise value of $45 billion, firmly solidifying VICI's position as the largest experiential net lease REIT while also advancing VICI's strategic goals of portfolio enhancement and diversification.

Under the terms of the Master Transaction Agreement, MGP Class A shareholders will receive 1.366 shares of newly issued VICI stock in exchange for each Class A share of MGP. The fixed exchange ratio represents an agreed upon price of $43.00 per share of MGP Class A shares based on VICI's trailing 5-day volume weighted average price of $31.47 as of July 30, 2021 and represents a 15.9% premium to MGP's closing stock price on August 3, 2021. MGM Resorts will receive $43.00 per unit in cash for the redemption of the majority of its MGP Operating Partnership units ("OP Units") that it holds for total cash consideration of approximately $4.4 billion and will also retain approximately 12 million units in a newly formed operating partnership of VICI Properties. The MGP Class B share that is held by MGM Resorts will be cancelled and cease to exist.

Simultaneous with the closing of the transaction, VICI Properties will enter into an amended and restated triple-net master lease with MGM Resorts. The lease will have an initial total annual rent of $860.0 million, inclusive of MGP's pending acquisition of MGM Springfield, and an initial term of 25 years, with three 10-year tenant renewal options. Rent under the amended and restated master lease will escalate at a rate of 2.0% per annum for the first 10 years and thereafter at the greater of 2.0% per annum or the consumer price index ("CPI"), subject to a 3.0% cap. Additionally, VICI will retain MGP's existing 50.1% ownership stake in the joint venture with Blackstone Real Estate Income Trust, Inc. ("BREIT JV"), which owns the real estate assets of MGM Grand Las Vegas and Mandalay Bay. The BREIT JV lease will remain unchanged and provides for current annual base rent of approximately $298 million and an initial term of 30 years, with two 10-year tenant renewal options. Rent under the BREIT JV lease escalates at a rate of 2.0% per annum for the first 15 years and thereafter at the greater of 2.0% per annum or CPI, subject to a 3.0% cap. On a combined basis, the MGM master lease and BREIT JV lease will deliver initial attributable rent to VICI of approximately $1.0 billion.

The transaction was approved by the Board of Directors of each of MGM Resorts, MGP and VICI Properties (and, in the case of MGP, the Conflicts Committee). The parties expect the transaction to close in the first half of 2022, subject to customary closing conditions, regulatory approvals and approval by the stockholders of VICI Properties. The VICI Properties Board of Directors and management team will remain unchanged.

**Strategic Merits**

- **Immediately accretive to AFFO per share:** The transaction extends VICI Properties' track record of consistent value creation since its formation in 2017 and is expected to provide immediate, high quality, accretion to AFFO per share upon closing

- **Enhances portfolio quality, size, and scale at significant discount to replacement cost:** VICI Properties will add 15 Class A entertainment resort properties spread across 9 regions comprising 33,000 hotel rooms, 3.6 million square feet of meeting and convention space and hundreds of food, beverage and entertainment venues to its portfolio at an estimated 30% to 40% discount to replacement cost. Following the transaction, approximately 55% of VICI's rent base will be generated by market-leading Regional properties while the remaining 45% will come from properties on the Las Vegas Strip

- **Significantly diversifies tenant base:** Upon closing, VICI Properties' top tenant concentration will be reduced to ~41% (from 84% currently) while 84% of VICI Properties' rent roll will be derived from S&P 500 tenants with a track record of having paid 100% of rent, on time and in cash throughout the COVID-19 pandemic

- **Adds a global leader in hospitality and entertainment to tenant roster:** The transaction adds a 55-year master lease, inclusive of tenant renewal options, with inflation protection through a CPI kicker and a corporate guarantee from MGM Resorts, an S&P 500 global entertainment company with national and international locations

- **Bolsters retained cash flow and strengthens ability to fund accretive growth:** Following the acquisition of MGP and the pending acquisition of the real estate of the Venetian Resort and Sands Expo Center, VICI Properties is expected to retain approximately $500 million of annualized free cash flow, after dividend payments, which may be deployed toward highly attractive growth opportunities across gaming and other experiential sectors

- **Positions balance sheet for investment grade status:** The transaction will position VICI Properties' balance sheet for investment grade status as VICI eliminates all of its existing secured debt and establishes an unencumbered asset pool

- **Amplified index demand and trading liquidity:** The transaction unlocks significant new index eligibility for MGP Class A shareholders while allowing investors in the combined company to benefit from index rebalancing, given the significantly larger size, and strong positioning for S&P 500 inclusion and enhanced trading liquidity

- **Lower cost of capital given larger scale, diversity, improved credit profile and enhanced index inclusion:** With improving cost of capital and retained cash flow, VICI is positioned to continue to grow its portfolio accretively in both gaming and non-gaming sectors

Additional details can be found in the Transaction Overview presentation posted on the VICI Properties website.

"Through this transformative strategic acquisition, we are merging MGP's best-in-class portfolio into VICI's best-in-class management and governance platform, creating the premier gaming, entertainment and leisure REIT in America," said Ed Pitoniak, CEO of VICI Properties. "We want to thank James Stewart, Andy Chien and the MGP Board for building and stewarding a portfolio of such exceptional quality, and going forward we are honored to become a key real estate and capital partner for Bill Hornbuckle and the MGM Resorts management team and Board. We look forward to supporting their strategic growth objectives for decades to come."

"After many years of growing both of our portfolios, combining them into one company will generate the best results for the shareholders of both companies," said James Stewart, CEO of MGP. "The combined company will create a superior platform for delivering exceptional returns to MGP's existing shareholders, by improving diversification, increasing scale, lowering cost of capital and benefiting from future growth."

Bill Hornbuckle, CEO and President of MGM Resorts, said, "This transaction unlocks the significant real estate value of our assets, enhances our financial flexibility and strengthens our ability to execute key growth initiatives. We look forward to our long-term partnership with VICI."

**Financing**

VICI Properties has secured a $9.3 billion financing commitment from Morgan Stanley, J.P. Morgan and Citibank.

B. **The Materially Incomplete and Misleading Prospectus**

21. On September 23, 2021, Defendants filed the Prospectus with the SEC. The purpose of the Prospectus is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Stock Issuance. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in

7

favor of the Stock Issuance.

### *Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts*

22. The Prospectus discloses management-prepared financial projections for the Company which are materially misleading. The Prospectus indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley reviewed "certain financial projections prepared by the management teams of [MGM Growth and VICI]." Accordingly, the Prospectus should have, but failed to, provide certain information in the projections that VICI's management provided to the Board and Morgan Stanley.

23. Notably, Defendants failed to disclose dividends per share and net free cash flows for VICI and MGM Growth over the projection period. The Prospectus also fails to disclose the line items underlying Adjusted EBITDA, AFFO, and unlevered free cash flow for both VICI and MGM Growth. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Stock Issuance.

### *Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses*

24. With respect to the *Comparable Public Company Analysis,* the Prospectus fails to disclose the multiples for P/AFFO, AV/EBITDA, Implied Cap Rate, and P/(D) to NAV for each selected company.

25. With respect to the *Dividend Discount Analysis—VICI,* the Prospectus fails to disclose the aggregate implied present value of VICI's forecasted dividends per share. The Prospectus also fails to disclose the estimated amount of AFFO per share used to derive the terminal values, as well as the terminal values. Finally, the Prospectus fails to disclose the inputs and assumptions underlying the discount rates of 6.7% to 8.7%.

26. With respect to the *Dividend Discount Analysis—MGM Growth,* the Prospectus

fails to disclose the implied present value of MGM Growth's forecasted dividends per share. The Prospectus also fails to disclose the estimated amount of AFFO per share used to derive the terminal values, as well as the terminal values. Finally, the Prospectus fails to disclose the inputs and assumptions underlying the discount rates of 5.9% to 7.9%.

27. With respect to the *Discounted Cash Flow Analysis—VICI,* the Prospectus fails to disclose VICI's net free cash flows. The Prospectus also fails to disclose VICI's EBITDA as used to derive the terminal values. The Prospectus further fails to disclose the inputs and assumptions underlying the discount rates of 5.9% to 7.3%.

28. With respect to the *Discounted Cash Flow Analysis—MGM Growth,* the Prospectus fails to disclose MGM Growth's net free cash flows. The Prospectus also fails to disclose MGM Growth's EBITDA as used to derive the terminal values. The Prospectus further fails to disclose the inputs and assumptions underlying the discount rates of 5.4% to 6.7%.

29. With respect to the *Premiums Paid Analysis*, the Prospectus fails to disclose the premiums for each of the selected transactions.

30. The Prospectus fails to disclose crucial information concerning Morgan Stanley's potential conflicts of interest. VICI agreed to pay Morgan Stanley $5 million upon delivery of its fairness opinion, and "an additional total transaction fee of up to $50 million" when the Proposed Transaction closes. The Prospectus does not disclose the necessary conditions for Morgan Stanley to receive the total $50 million, or other details of the compensation arrangement. The Prospectus also fails to disclose information about the services provided to VICI, MGM Growth and MGM Growth's majority owner, MGM Resorts International, in the 30 months prior to the date of the fairness opinion.

31. This information is necessary to provide Company stockholders a complete and

9

accurate picture of the Stock Issuance and the Proposed Transaction, and their fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Stock Issuance and faces irreparable harm, warranting the injunctive relief sought herein.

32. In addition, the Individual Defendants knew or recklessly disregarded that the Prospectus omits the material information concerning the Stock Issuance and the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

33. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Prospectus before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Prospectus omits the material information referenced above and contains the incomplete and misleading information referenced above.

34. Further, the Prospectus indicates that on August 3, 2021, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to VICI stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Prospectus, and thus knew or should have known that such information has been omitted.

35. The misrepresentations and omissions in the Prospectus are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Stock Issuance.

36. Plaintiff is immediately threatened by the wrongs complained of herein, and lack an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

37. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38. Defendants have filed the Prospectus with the SEC with the intention of soliciting VICI stockholder support for the Stock Issuance. Each of the Individual Defendants reviewed and authorized the dissemination of the Prospectus, which fails to provide the material information referenced above.

39. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of VICI, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

40. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

41. Specifically, and as detailed above, the Prospectus violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii)

the value of VICI shares, and the financial analyses performed by Morgan Stanley in support of its fairness opinion.

42. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Prospectus is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Prospectus states that Morgan Stanley reviewed and discussed its financial analyses with the Board on August 3, 2021, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Prospectus, rendering the sections of the Prospectus identified above to be materially incomplete and misleading.

43. The misrepresentations and omissions in the Prospectus are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Stock Issuance. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of VICI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers

and/or directors of VICI and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Prospectus filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Prospectus and other statements alleged by Plaintiff to be misleading prior to the time the Prospectus was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Prospectus at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Stock Issuance and the Proposed Transaction. They were, thus, directly involved in the making of the Prospectus.

48. In addition, as the Prospectus sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Prospectus purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49. By virtue of the foregoing, the Individual Defendants have violated Section 20(a)

of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Stock Issuance and/or the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Prospectus;

B. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 20, 2021

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*